IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 3:09-1126 |
| vs. ) | |
| ) | |
| Corbin Cominske Nelson, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

    Defendant Corbin Cominske Nelson was indicted on October 21, 2009 for knowingly, intentionally, and unlawfully possessing with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts 1, 2, 3, 4, 10, 11); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Counts 5, 12); possession of a firearm that had the importer's and manufacturer's serial number removed, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count 6); and knowingly, intentionally, and unlawfully possessing with intent to distribute and distribution of a quantity of cocaine, in violation of 21U.S.C. § 841(a)(1) and 841(b)(1)(C) (Counts 8, 9). Defendant was transported to his arraignment on November 4, 2009 from the Lexington County, South Carolina, Detention Center, where he had been housed pursuant to an April 8, 2008 arrest on state charges comprising counts of the federal indictment. Defendant was ordered detained after a detention hearing on November 9, 2009.

    On January 20, 2010, Defendant filed a motion for bond, stating that he had been cooperating with the government and that the state charges, having been adopted by the government, had been dismissed on the state level. On February 25, 2010, Defendant was released on a $40,000.00 secured bond with a condition of location monitoring. Defendant pleaded guilty on April 23, 2010, to

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On November 3, 2010, Defendant was sentenced to incarceration for a period of 180 months, to be followed by 3 years of supervised release. Judgment was entered on November 8, 2010.

This matter is before the court on Defendant's motion to award time served credit pursuant to 18 U.S.C. § 3585(b)(1), which provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Defendant states that the Bureau of Prisons awarded him a time served credit for 652 days between May 15, 2008 and February 25, 2010. However, Defendant contends that he was not given credit for 252 days he claims he spent in pretrial home detention from February 25, 2010 to November 3, 2010.

As an initial matter, the court finds no record that Defendant was held in home detention. The order setting conditions of release recites that Defendant was required, among other things, to submit to location monitoring technology as directed by the pretrial services office. ECF No. 65, 2. In any event, the United States Supreme Court has held that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" Reno v. Koray, 515 U.S. 50, 57 (1995)(citing cases). Similarly, in United States v. Insley, 927 F.2d 185 (4th Cir. 1991), the Court of Appeals for the Fourth Circuit

2

rejected the defendant's argument that the conditions of her bond were so restrictive that they constituted official detention within the meaning of § 3585(b).  The Fourth Circuit explained:

> Conditions of release are not custody. "For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." United States v. Woods, 888 F.2d 653, 655 (10th Cir.1989) (no credit under § 3585 for time spent at halfway house as condition of release). The conditions of release to which Insley was subjected did not rise to the level of physical incarceration.

Insley, 927 F.2d at 186.

The court concludes that Defendant is not eligible for the time he spent on bond between February 25, 2010 and November 3, 2010.  Defendant's motion to award time-served credit (ECF No. 139) is **denied**.

/s/ Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina

August 23, 2021.

3